## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

---

**DR. FABRE FORD,**

      **Plaintiff,**

                                    **Case No.**

**v.**                                  **JURY DEMANDED**

**FAYETTE COUNTY, TENNESSEE,**
**SHERIFF BOBBY RILES,**
**MATTHEW SALAMON, and**
**RANDY COLLINS,**

      **Defendants.**

---

## COMPLAINT FOR DAMAGES

---

COMES NOW the Plaintiff, Dr. Fabre Ford, by and through her counsel, Kevin A. Snider of Snider & Horner, PLLC, hereby files this civil rights and state actions against the above-named Defendants arising out of an incident that took place on or about February 2, 2024 and continuing thereafter, and in support would show as follows:

### PRELIMINARY STATEMENT

Defendant, Fayette County, Tennessee, operates the Fayette County Sheriff's Office as an agency/department of the county government and as such is liable for the actions and inactions of the Sheriff's Department, the Sheriff, and its deputies. Plaintiff asserts that Defendant Fayette County, Tennessee, d/b/a the Fayette County Sheriff's Office through its practices, policies, customs, and patterns of conduct violated Fabre Ford's civil rights guaranteed to her under the constitution of the United States of America. The Fayette County Sheriff's Office failed to train its officers, failed to have adequate policies and procedures in place for its

officers, and allows the Sheriff and its officers to engage in a custom and pattern of conduct without appropriate oversight and supervision. Law enforcement officers must be given the right to protect themselves and the innocent citizens of this community from the unlawful acts of criminals. However, Fayette County, Tennessee, must hold its Sheriff and/or law enforcement officers to a high standard of honor and integrity and when an officer overreacts, he or she must be held accountable for their actions to protect all of the innocent citizens of this community from harm.

## **INTRODUCTION**

1.        This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and related state law claims. The Plaintiff, Dr. Fabre Ford, is a highly respected school principal who responded reasonably, appropriately, and with integrity to an incident involving a student who is a minor, that assaulted another teacher with a stanley canteen. The Defendants are law enforcement authorities who – in a remarkable and what appears to be an unprecedented abuse of power in an effort to "get back at" and/or otherwise "put the Plaintiff in her place" – arrested this Plaintiff as retaliation for the Plaintiff asserting her Constitutional rights while complying with her professional duties as well as federal and/or state law. To make this false arrest, Defendants lied and omitted material facts about the Plaintiff's actions in sworn affidavits and/or engaged in other nefarious actions without legal or factual justification.

2.        The fallout from the Defendants illegal and unconstitutional actions has forever changed the life of the Plaintiff. Her image was plastered on worldwide media and associated with the false allegations of the most vile and callous nature. This was enhanced by the utterly vile, false, and misleading press releases that were continually put in the public domain by the Defendants. Ultimately, the criminal justice system vindicated the Plaintiff when the Fayette

County Attorney General and its office exercised their prosecutorial discretion to nolle pros the bogus charges.

3.        The Plaintiff now brings this case to hold the government who violated her rights, and the governments who enabled them, accountable and to prove – once and for all in the eyes of the public and the law – that the Plaintiff did nothing wrong and this was essentially a smear campaign against the Plaintiff by two officers who were emboldened to act by the actions and/or inactions of the Sheriff.

4.        The facts giving rise to this case date back to when Fayette County School Resource Officer Randy Collins started his stint at the Plaintiff's school where she was the principal. Officer Collins appeared to believe that "he was in charge of the school" and engaged in actions and/or omissions that appear to be a concerted effort to intimidate the Plaintiff as well as the school staff and/or for other nefarious reasons. These actions by Officer Collins appear to have been ratified and condoned by the Fayette County Sheriff's Department, its Sheriff, and/or leadership.

5.        Thereafter and on February 2, 2024, the situation reached a boiling point when a student, identified as BB (DOB: 06/10/2014) was brought to a teacher's (namely Demetrius Bradford) room – because the child was acting out in his assigned classroom.

6.        While Mr. Bradford was talking to the student, the student slapped Mr. Bradford's hand multiple times. The student then took a stanley cup canteen and struck Mr. Bradford in the jaw and across the temple of his head.

7.        Mr. Bradford went to the Plaintiff (who was the school's principal) and reported what happened. Mr. Bradford stated he was not injured in any form or fashion and did not plan on pressing any charges.

8.      The Plaintiff, contacted the Fayette County School Superintendent and also followed the school's policies and procedures for such an incident, by then giving the student Four (4) days of out of school suspension, and one (1) day of in school suspension for said incident.

9.      Upon learning of the incident through word of mouth, on February 7, 2024, Defendant, School Resource Officer Randy Collins, spoke with the Plaintiff and asked her why he wasn't notified of the incident that took place on February 2.  Plaintiff stated that she had already taken care of everything and that he didn't need to worry about anything.

10.     Upon information and belief, this conversation enraged the Defendant Randy Collins who went on to state that he had already started an investigation into the incident and interviewed teachers involved and essentially threatened the Plaintiff by saying something to effect of "she better do what he says and he doesn't care about the school system policies and procedures and/or federal or state law".  These actions and behavior by Officer Collins appear to have been ratified and condoned by the Fayette County Sheriff's Department, its Sheriff, and/or leadership and upon information and belief was recorded on the body cam of Officer Collins and/or other surveillance video which was asked to be preserved by counsel for the Plaintiff in a letter sent to the Sheriff on February 21, 2024.

11.     On February 9, 2024, Plaintiff received a call from the Fayette County School Superintendent stating that Investigator Matthew Salamon with the Fayette County Sheriff's Office wanted to speak with her.  Plaintiff went to Sheriff's Office and met with Matthew Salamon for an interview in which the Investigator essentially tried to coerce and threaten the Plaintiff into violating the school system policies and procedures and/or violate federal and/or state law.  These actions and behavior by Investigator Salamon appear to have been ratified and condoned by the Fayette County Sheriff's Department, its Sheriff, and/or leadership and upon

information and belief was recorded on the body cam of Investigator Salamon and/or other surveillance video which was asked to be preserved by counsel for the Plaintiff in a letter sent to the Sheriff on February 21, 2024.

12.       On February 12, 2024, Fayette County Sheriff's Office caused the issuance of an Affidavit of Complaint charging the Plaintiff with a violation of T.C.A. Section 39-16-503 (Tamper or Fabricate Evidence). Thereafter without any notice whatsoever, arrested the Plaintiff at the school and essentially paraded her through the school for all of the staff and students to view and ultimately even handcuffed her. These actions and behavior appear to have been ratified and condoned by the Fayette County Sheriff's Department, its Sheriff, and/or leadership. A copy of the Affidavit of Complaint is attached and incorporated herein as Exhibit 1 and the Plaintiff's personal information has been redacted.

13.       On February 13, 2024, the Fayette County Sheriff's Office issued its first (of several) press release involving and defaming the Plaintiff. Said press release contains numerous errors as well as utterly false and libelous statements that appear to be a nefarious attempt to disparage as well as humiliate the Plaintiff and somehow justify their actions. Of particular note, the press release states that the Plaintiff was charged with violating T.C.A. Section 39-13-503 – which is rape; claims that the Plaintiff interfered with conducting interviews which is blatantly false; and makes other false, nefarious, and unsubstantiated claims while also certainly implying that she was also charged with T.C.A. Section 49-6-4301 even though the Plaintiff was not charged with that offense and it was not even mentioned in the Affidavit of Complaint. These actions and behavior appear to have been ratified and condoned by the Fayette County Sheriff's Department, its Sheriff, and/or leadership. A copy of the first press release is attached and incorporated herein as Exhibit 2.

14.      As a result of the Defendants actions, on February 14, 2024, Plaintiff received a letter from the U.S. Department of Homeland Security that she was no longer eligible for the TSA Pre Application Program because of her "criminal history" which substantially interfered with her right to travel as well as enjoy life.

15.      On February 21, 2024, the Plaintiff appeared at her first court appearance and became aware that the Defendants were engaged in other nefarious actions.  In particular, on the court file or jacket, was a sticky note that said "Amended Affidavit has been turned in, but cannot be entered.  More research being done."  The Plaintiff was undoubtedly perplexed by this in that the Plaintiff was never served (or even attempted to be served) with an "Amended Affidavit".  These actions and behavior appear to have been ratified and condoned by the Fayette County Sheriff's Department, its Sheriff, and/or leadership in what appears to be a blatant attempt to cover up and/or otherwise correct the previous illegal and/or improper behavior mentioned above.  A copy of said sticky note on the court file or jacket is attached and incorporated herein as Exhibit 3.

16.      Thereafter the Defendants continued to publicly disparage the Plaintiff and/or continued to make false statements and/or engaged in actions and/or omissions to try and justify their nefarious, illegal, and/or improper behavior in ever charging and arresting the Plaintiff.

17.      On March 28, 2024, the Plaintiff returned to court and it was agreed that all charges would be dropped and a nolle prosequi was entered.  At that time and for the first time (since it was never served or even presented to the Plaintiff prior to the dismissal of the charges), the Plaintiff became aware and saw an Amended Affidavit of Complaint which was apparently filed on February 21, 2024, which completely changed the charges against the Plaintiff; was directly contrary to the Defendants first Affidavit of Complaint; was directly contrary to the Defendants press release of February 13, 2024, and also contained substantially different factual allegations.

These actions and behavior appear to have been ratified and condoned by the Fayette County Sheriff's Department, its Sheriff, and/or leadership. A copy of the Amended Affidavit of Complaint is attached and incorporated herein as Exhibit 4.

18.     Despite the Plaintiff's eventual exoneration, however, the false and malicious allegations as well as defamatory statements against the Plaintiff have profoundly disrupted her life, irreversibly damaged her reputation, and caused severe and ongoing emotional distress and trauma. To clear her name once and for all, Plaintiff files suit against Defendants flagrant abuse of power.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). This Court further has supplemental jurisdiction pursuant to U.S.C. § 1367 over the related Tennessee state law claims. Venue is proper in the Western District of Tennessee, as it is the district in which the Defendants are located and in which the events giving rise to this action occurred in accordance with 28 U.S.C. § 1391(b).

## PARTIES

20.     Plaintiff, Dr. Fabre Ford is a resident of Whiteville, TN. She is the principal of Southwest Elementary School, a position she has held for 7+ years. She has been in education for 19 years. She served as the Assistant Principal from July 2014 – August 2017, and served as a high school history teacher from August 2005 – July 2014.

21.     Defendant Fayette County, Tennessee, is duly incorporated under the laws of the State of Tennessee. Defendant Fayette County, Tennessee, can be served by serving Richard G. Rosser, County Attorney, at 102 East Court Square, Somerville, TN 38068. Defendant Fayette County Tennessee is responsible for the actions and inactions of its employees, agents,

and apparent agents and for the operation, training, and policies for the Fayette County Sheriff's Office.

22.       Defendant Bobby Riles, is the Sheriff of Fayette County, Tennessee, and is responsible for upholding law and order in Fayette County, Tennessee and may be served with this Complaint at 705 Justice Drive, Somerville, TN 38068 and is being sued in his official and individual capacities.

23.       Defendant Matthew Salamon, is employed by the Fayette County Sheriff's Office as an Investigator, who at all times relevant to this action, was acting under the color of law and within the scope of his employment.  Defendant Matthew Salamon is sued in his individual capacity and may be served with this Complaint at 705 Justice Drive, Somerville, TN 38068.

24.       Defendant Randy Collins, is employed by the Fayette County Sheriff's Office, who at all times relevant to this action, was acting under the color of law and within the scope of his employment.  Defendant Randy Collins is sued in his individual capacity and may be served with this Complaint at 705 Justice Drive, Somerville, TN 38068.

## **FACTS**

25.       Plaintiff Fabre Ford was maliciously prosecuted, falsely arrested and continually defamed by Defendants for purportedly tampering with evidence, concealing witness statements, and failing to make the documents present and available as evidence in an official investigation.  As a consequence of this false arrest, Plaintiff spent hours in jail, underwent excruciating public humiliation, suffered and continues to suffer from emotional distress, and experienced severe reputational damage both personally and professionally, and particularly to her career in education.

## CAUSES OF ACTION

26.     Plaintiff incorporates all preceding paragraphs by reference herein.

27.     Plaintiff had the right under the Fourth Amendment to the United States Constitution to be secure in her persons, home, and property against unreasonable seizure and to not have a warrant issued for her arrest without probable cause.  The Fourteenth Amendment protects these rights against deprivation by state actors.  The Fourteenth Amendment also protects against the deprivation of liberty without due process of law.

28.     Pursuant to 42 U.S.C. § 1983, every person who, under color of any statute, ordinance, regulation, custom or usage of any State, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the parties injured in an action for redress.

29.     Each Defendant is a "person" within the meaning of 42 U.S.C. § 1983.

30.     Each Defendant, jointly, severally, or both, deprived Plaintiff of her rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment.  Each Defendant also jointly, severally, or both, deprived Plaintiff of due process in violation of the Fourteenth Amendment.

31.     The acts and omissions of each Defendant were a proximate cause and cause-in-fact of Plaintiff's damages.

**Count 1        42 U.S.C. §1983:  False Arrest in Violation of Fourth and Fourteenth Amendments**

32.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

33.     As described above, Defendants, while acting under the color of law and within the scope of their employment, deprived Plaintiff of her Fourth and Fourteenth Amendment rights.

34.     On February 12, 2024, while acting under color of Tennessee law, Defendants deprived Plaintiff or caused her to be deprived of her rights under the Fourth and Fourteenth Amendments by knowingly or recklessly preparing and swearing to an arrest warrant affidavit that contained numerous materially false and misleading statements and omissions.

35.     Defendants violated the Fourth and Fourteenth Amendments by arresting Plaintiff without probable cause as the facts within their knowledge were not reasonably sufficient to support the belief that Plaintiff had committed an offense.  No reasonable officer would have concluded that the facts supported Plaintiff's arrest.

36.     The conduct of all individually named Defendants was motivated by malice and/or involved reckless and callous indifference to Plaintiff's constitutional rights.  Defendants engaged in this conduct intentionally, willfully, and wantonly, and with deliberate indifference to, and reckless disregard for Plaintiff's constitutional rights.

37.     At the time of Defendants actions described herein, no reasonable officer with the same information could have believed that their actions were lawful in light of clearly established law.  Therefore, the individually named Defendants are not entitled to qualified immunity.

**Count 2          42 U.S.C. §1983:  Initiation of Criminal Charges Without Probable Cause and for and Improper Purpose in Violation of Fourth and Fourteenth Amendments**

38.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

39.     As described above, Defendants while acting under the color of law and within the scope of their employment deprived Plaintiff of her Fourth and Fourteenth Amendment rights.

40.      The outcome of the criminal proceedings initiated by Defendants were favorable to Plaintiff as the State elected to Nolle Prosequi with cost taxed to the State.

41.      Defendants violated the Fourth and Fourteenth Amendments by pursuing felony criminal charges against Plaintiff without probable cause as the facts within their knowledge were not reasonably sufficient to support the belief that Plaintiff had committed an offense. No reasonable officer would have concluded that the facts supported charges against Plaintiff for tampering with evidence/concealing witness statements.

42.      The conduct of all individually named Defendants was motivated by malice and/or involved reckless and callous indifference to Plaintiff's constitutional rights. Defendants engaged in this conduct intentionally, willfully, and wantonly, and with deliberate indifference to, and reckless disregard for Plaintiff's constitutional rights.

43.      At the time of Defendants actions described herein, no reasonable officer with the same information could have believed that their actions were lawful in light of clearly established law. Therefore, the individually named Defendants are not entitled to qualified immunity.

### Count 3      42 U.S.C. §1983:      Supervisory Liability

44.      Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

45.      As described above, Defendants, while acting under the color of law and within the scope of their employment, deprived Plaintiff of her Fourth and Fourteenth Amendment rights.

46.      Defendant Salamon and/or Sheriff Riles facilitated, approved, condoned, consciously turned a blind eye, or some combination of the foregoing to Defendant Collins' malicious pursuit of criminal charges and the false arrest of Plaintiff.

47.     Defendant Salamon and/or Sheriff Riles were aware that no probable cause existed to support felony criminal charges for tampering with evidence/concealing witness statements.

48.     Defendants caused the violation of the Fourth and Fourteenth Amendments by participating in and condoning the pursuit of felony criminal charges against Plaintiff without probable cause as the facts within their knowledge were not reasonably sufficient to support the belief that Plaintiff had committed an offense.

49.     Defendants conduct was motivated by malice and/or involved reckless and callous indifference to Plaintiff's constitutional rights.   Defendants engaged in this conduct intentionally, willfully, and wantonly, and with deliberate indifference to, and reckless disregard for Plaintiff's constitutional rights.

50.     At the time of Defendants actions described herein, no reasonable officer with the same information could have believed that their actions were lawful in light of clearly established law.   Therefore, Defendants are not entitled to qualified immunity.

### Count 4     42 U.S.C. §1983:     Municipal Liability

51.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

52.     Counties and municipalities may be held liable under 42 U.S.C. § 1983 for constitutional deprivations committed pursuant to a policy, custom, or practice of the county or municipality.   Even absent an officially adopted policy, a custom or practice that is so persistent and widespread that it fairly represents a municipal policy will support liability against the county or municipality.   A pattern of unconstitutional conduct may be shown on the part of the county or municipal employees who are not policymakers.

53.     Defendants at all times relevant to this complaint have maintained policies,

customs, or practices that caused and were the moving force behind the violation of Plaintiff's constitutional rights.

54.      The acts and omissions of each individually named Defendant were caused by said policies, customs, or practices.

55.      Defendants policymakers were deliberately indifferent as to said policies, customs, or practices.

56.      Said policies, customs, and practices included a failure to adequately train and supervise officers in conducting reliable and trustworthy investigations and in providing reliable and trustworthy testimony before judicial officers.

57.      Defendants were aware and thereby on notice of a repeated pattern of unconstitutional and unprofessional behavior on the part of Defendant Collins in failing to conduct reliable and trustworthy investigations and in failing to provide reliable and trustworthy testimony before judicial officers.

**Count 5        State Law Cause of Action: False Arrest & False Imprisonment**

58.      Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

59.      As described above, Defendants in their individual capacities willfully detained Plaintiff, without their consent, and without authority of law.

60.      Defendants arrested Plaintiff for the felony offense of tampering with evidence, and they did so lacking probable cause and lacking any reasonable basis to conclude Plaintiff had committed the offense.

61.      Defendants obtained an arrest warrant by swearing to an affidavit that intentionally and recklessly contained materially false and misleading statements and omissions.

62.     Defendants engaged in this conduct intentionally, willfully, and wantonly, and with deliberate indifference to, and reckless disregard for Plaintiff's constitutional rights. Defendants did not act in good faith.

### Count 6          State Law Cause of Action: Malicious Prosecution

63.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

64.     As described above, Defendants, in their individual capacities commenced and continued criminal proceedings against Plaintiff, for crimes for which she was innocent, lacking probable cause to do so, and doing so while harboring malice towards her.

65.     Defendants engaged in this conduct intentionally, willfully, and wantonly, and with deliberate indifference to, and reckless disregard for Plaintiff's constitutional rights. Defendants did not act in good faith.

### Count 7    State Law Cause of Action: Outrageous Conduct / Emotional Distress

66.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

67.     As described above, Defendants, in their individual capacities commenced and engaged in extreme and outrageous conduct and/or inflicted severe emotional distress on the Plaintiff.  Said conduct was intentional, reckless and/or negligent and went above all bounds of public decency.

### Count 8    State Law Cause of Action: Defamation

68.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

69.     As described above, Defendants, in their individual capacities commenced and published false statements, with knowledge that the statements are false and defaming to the Plaintiff and/or with reckless disregard for the truth of the statement(s) or negligence in failing to ascertain the truth of the statement(s).

14

## DAMAGES

70.      Defendants actions, both jointly and severally, deprived Plaintiff of her protected rights under the United States Constitution, federal law, and Tennessee state law.

71.      As a proximate result of Defendants actions, Plaintiff has suffered the deprivation of liberty, reputational harm, public humiliation, distress, pain, and suffering for which she is entitled to compensatory damages, including damages for mental and emotional distress.

72.      Additionally, Defendants acted with malice and with intentional or reckless disregard for Plaintiff's constitutional rights and other claims for which Plaintiff is entitled to punitive damages.  Such damages would assist in deterring and preventing similar conduct in the future.

## ATTORNEYS' FEES

73.      Pursuant to U.S.C. § 1988, Plaintiff is entitled to recover attorneys' fees and costs, including expert fees.

## DEMAND FOR TRIAL BY JURY

74.      Plaintiff hereby demands a trial by jury on all claims for which the law provides a right to a jury trial.

## **PRAYER FOR RELIEF**

75.        Plaintiff respectfully prays that all Defendants be cited to appear and answer

herein, and that Plaintiff be awarded a judgment against Defendants jointly and severally,

for a minimum amount of $1,000,000.00 in compensatory damages, an appropriate amount

of punitive damages to punish the Defendants and deter this type of conduct in the future,

pre-and post-judgment interest, attorneys' fees and costs of court, including expert fees, and

all further relief, both legal and equitable, as to which Plaintiff shows herself justly entitled.


Respectfully submitted,

SNIDER & HORNER, PLLC

By:/s/ Kevin A. Snider
KEVIN A. SNIDER (#18231)
9056 Stone Walk Place
Germantown, TN 38138
Telephone No. (901) 751-3777
ksnider@kevinsnider.com
*Attorney for Plaintiff*